UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUKADIEN MOULTRIE,

                 Plaintiff,

        -against-

PAROLE OFFICER WRIGHT (#681),

                 Defendant.

21-CV-3925 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. By order dated June 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Although Plaintiff was not detained in any facility when he brought this action, he wrote a letter to the Court stating that on May 22, 2021, he was arrested. (ECF No. 6.) He is currently detained at the Vernon C. Bain Center. According to public records of the New York State Unified Court System, Plaintiff was arrested on May 8, 2021, on charges of unlawful possession of a weapon, N.Y. PL § 265.06, and has pending criminal proceedings in 2021-SN-008366.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following in his complaint:

I Mukadien Moultrie was wrongly imprisoned by my parole officer Wright by him failing to provide a face to face confrontation and fail[ing] to hold the 15th day scheduled for my preliminary hearing. I was wrongfully imprisoned is what I'm actual[l]y trying to say. Also I want to say that DOCCS went way beyond the 15th day to conduct the hearing.

(ECF 2 at 5.)[2] In response to a question on the form complaint about injuries, Plaintiff states that he was "mentally frustrated" and was transferred to a "mental health unit" with the New York State Office of Mental Health.

Plaintiff attaches to the complaint a copy of a decision on his petition for a writ of *habeas corpus* in the Supreme Court of the State of New York, Bronx County. (ECF 2 at 8.) The following is a summary of the lengthy procedural history described in that decision:

> On or about November 19, 2020, a parole warrant was issued and served on Plaintiff. He demanded a preliminary hearing, and it was scheduled for November 27, 2020. At the hearing, Plaintiff's counsel asserted that Plaintiff was incompetent to proceed, and he was referred for a competency hearing under New York Criminal Procedure Law Article 730. On December 11, 2020, defense counsel indicated that Plaintiff was competent to proceed, and on December 16, 2020, the motion to withdraw the competency request was granted. The preliminary hearing was scheduled for December 31, 2020.

> Due to the Covid-19 pandemic, the preliminary parole revocation hearing was not in-person; it was held by telephone without video capability. Plaintiff was charged with having punched the complainant, Guervich, without warning when Guervich was walking down the street. Guervich testified, but before the parole officer's testimony concluded, the hearing officer announced that they were out of time.

> The preliminary hearing was adjourned to January 7, 2021, and a different hearing officer appeared on that date. The new hearing officer said that the original hearing officer had been unable to appear due to an unspecified "emergency situation." (*Id.* at 10.) Plaintiff objected to the substitution, and moved to dismiss the matter because DOCCS had failed to present the initial parole revocation hearing within 15 days. The substitute hearing officer rejected the motion to

---

[2] Under New York law, within three days of the execution of a parole warrant, the alleged violator must be given a Notice of Violation by the State Parole Board advising him of the time, place and purpose of a preliminary hearing, as well as of the violations charged and the rights to which he is entitled at the preliminary hearing. NY Exec. L. § 259-i(3)(c)(3). The parolee is entitled to a preliminary hearing from the State Parole Board within fifteen days to determine whether probable cause exists to believe the parolee has violated one or more of his parole conditions in an important respect, *id.* at § 259-i(3)(c)(3) or a parolee may waive his right to a preliminary hearing. 9 NYCRR § 8005.6(b). If the parolee waives his right to a preliminary hearing, a final revocation hearing must be held within 90 days of that waiver.

dismiss, and determined that DOCCS could proceed *de novo*. An adjourned date of January 20, 2021 was scheduled.

On January 20, 2021, Plaintiff's counsel objected to the *de novo* hearing as beyond the 15-day deadline under state law, but the motion was denied. DOCCS was unable to produce the fact witness, Guervich, for a cross-examination on January 20, 2021, and so the hearing was adjourned to the following day. On January 21, 2020, Guervich testified that he took pictures of Plaintiff on his cell phone and that the parole officer had texted him a photograph of Plaintiff and that he had agreed that this was the person who assaulted him. None of the photographs were entered into the record. After cross-examination, the hearing officer concluded that there was probable cause to hold Plaintiff for a final revocation hearing, which was scheduled for March 1, 2021. (*Id.* at 11.)

In its March 22, 2021 decision granting Plaintiff's petition for a writ of *habeas corpus*, the Supreme Court, Bronx County, held that the hearing officer's determination to conduct a *de novo* hearing – resetting the clock to January 20, 2021—was in error because there is "no power to have a do over." (*Id.* at 12.) Moreover, the Supreme Court concluded that there were 32 days chargeable to DOCCS before the preliminary hearing was held, rather than the 15 days permitted under state law. The Supreme Court therefore directed that, if there were no other warrants or holds detaining him, Plaintiff should be released.

Plaintiff brings this suit against Parole Officer Wright, seeking $100,000 in damages.

## DISCUSSION

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Although Plaintiff invokes the Court's diversity jurisdiction (ECF 2 at 2), the facts alleged in the complaint suggest that both he and his parole officer – the only defendant in this action – are citizens of the State of New York. The Court therefore cannot exercise diversity jurisdiction in this matter.

Because Plaintiff alleges that Parole Officer Wright violated his constitutional rights, the Court liberally construes Plaintiff's claims against him as arising under 42 U.S.C. § 1983.

### A.    Official Capacity Claims

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Parole Officer Wright is an employee of the New York State Department of Corrections and Community Supervision (DOCCS). As a state agent, Defendant Wright is entitled to Eleventh Amendment immunity from suit for section 1983 claims for damages against him in his official capacity in federal court. The Court therefore dismisses Plaintiff's section 1983 claims for damages against Defendant Wright to the extent they are asserted against him in his official capacity as an agent of DOCCS. 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.    Personal Capacity Claims

Plaintiff's complaint can also be construed as asserting claims against Parole Officer Wright in his personal capacity. State officials, such as parole officers, have absolute immunity for "judicial acts" and "acts that are prosecutorial in nature." *Scotto v. Almenas*, 143 F.3d 105, 110 (2d Cir. 1998). Parole officers are thus entitled to absolute immunity for their decisions to "grant, deny, or revoke parole," which are judicial tasks, as well as for their actions in "initiating parole revocation proceedings" and "presenting the case for revocation to hearing officers" which are prosecutorial acts. *Id.* at 111-12.

When parole officers perform acts that are "administrative or investigatory in nature," however, they only enjoy qualified immunity, meaning that they are shielded from liability only insofar as their conduct does not violate "clearly established constitutional norms of which an objectively reasonable person should have been aware." *Id.* at 110-13. Parole officers can receive qualified immunity for their actions in preparing violation reports and recommending arrest warrants, which are administrative and investigatory tasks. *Id.* at 112.

Here, the Court cannot determine whether Parole Officer Wright is entitled to immunity because it is unclear from the complaint what he personally is alleged to have done or failed to do that violated Plaintiff's rights. Plaintiff does not plead any facts suggesting that Parole Officer's Wright's issuance of the parole revocation warrant was improper or unlawful. Instead, Plaintiff contends that he was held for too long without a preliminary hearing and was confined to a mental health unit; the complaint, however, does not allege facts showing that Defendant Wright had any involvement in or responsibility for either delaying the parole revocation hearing or for transferring Plaintiff to a mental health unit.

Thus, even if Parole Officer Wright is not entitled to absolute immunity, Plaintiff's claims against Defendant Wright must be dismissed because Plaintiff does not allege any facts showing that anything that Parole Officer Wright personally did or failed to do violated Plaintiff's rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Plaintiff's claims against Parole Officer Wright are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.      **Parole Revocation Proceedings**

The gravamen of Plaintiff's complaint is that his parole revocation hearing was not scheduled within 15 days of the issuance of a parole warrant. Under New York law, the State Division of Parole generally must schedule a probable cause hearing within 15 days of the issuance of a parole warrant, *see* N.Y. Exec. Law § 259–i(3)(c)(i), and, if probable cause exists, convene a revocation hearing within 90 days of the probable cause hearing, *see id.* § 259–i(3)(f)(i). In some circumstances, "[i]f these requirements are not timely met, the parole warrant is rendered void, and the prisoner is entitled to be released." *McDay v. Travis*, 303 F. App'x 928, 929 (2d Cir. 2008) (relying on *Levy v. Dalsheim*, 48 N.Y.2d 1019 (1980)). Here, it appears from attachments to the complaint that the New York Supreme Court concluded that Plaintiff had been held beyond the 15-day period without a preliminary probable cause hearing, and therefore ordered that he be released.[3] (ECF 2 at 12.)

Because Plaintiff alleges that the process provided to him during his parole revocation proceedings resulted in his being held unlawfully for 17 days, the Court construes the complaint as asserting a claim under the due process clause of the Fourteenth Amendment. In order to state a section 1983 claim for the denial of procedural due process, the two threshold questions are "whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

---

[3] The New York Supreme Court explained in the March 22, 2021 decision granting *habeas corpus* relief that a preliminary hearing must be scheduled within 15 days of execution of the warrant but need not completed; thus, the second hearing officer was authorized to grant an adjournment of the scheduled hearing but not to "invent an extra legal proceeding," that is, to schedule a *de novo* hearing restarting the 15-day clock. (ECF 2 at 12.)

The revocation of parole implicates a protectable liberty interest. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) ("[T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others . . . [T]he liberty is valuable and must be seen as within the protection of the Fourteenth Amendment."); *see also Suce v. Taylor*, 572 F. Supp. 2d 325, 334 (S.D.N.Y 2008) ("[T]he Due Process Clause of the Fourteenth Amendment applies to the revocation of parole.").

The Supreme Court in *Morrissey* outlined the procedures that due process requires in the parole revocation setting. A preliminary hearing must be conducted "at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest." *Id.* at 485. "The parolee should be given notice that the [preliminary] hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged." *Id.* at 487. "There must also be an opportunity for a [final parole revocation] hearing" conducted "within a reasonable time after the parolee is taken into custody." *Id.* at 488. The Supreme Court also articulated minimum requirements of due process for the final hearing.[4]

---

[4] Due Process Requirements for the final hearing include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body . . . and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489.

Plaintiff's complaint suggests that he was detained for 32 days without a completed probable cause hearing – that is, 17 days beyond the deadline set under state law – and that the state court granted him *habeas corpus* relief and released him because of this. If the deprivation of Plaintiff's liberty was due to a random and unauthorized act that could not have been anticipated, then the availability of a post-deprivation remedy would satisfy due process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986) (holding that "when the government cannot predict precisely when the loss will occur, it would be impossible to provide a meaningful hearing *before* the deprivation."). But if Plaintiff was unlawfully detained because of a policy or the act of a high-level policymaker, then the availability of post-deprivation remedies might not satisfy due process. *See generally Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996).

It is therefore not entirely clear that it would be futile to grant Plaintiff leave to amend his complaint. *See, e.g., McDay v. Travis*, No. 05-4269-PR, 2007 WL 4102718, at *1 (2d Cir. Nov. 19, 2007) ("New York law requires the State Division of Parole to hold a preliminary probable cause hearing within 15 days of issuance of the parole warrant, N.Y. Exec. Law § 259-i(3)(c)(i), and a revocation hearing within 90 days after the probable cause hearing, *id.* § 259-i(3)(f)(i). McDay was arrested on December 13, 2001, yet by July 2002 the Division had not held either hearing. Thus, had McDay properly served the State defendants, he would likely have had a viable due process claim against them."); *Moore v. Newton*, 220 F. Supp. 3d 275, 295 (E.D.N.Y. 2016) (plaintiff was illegally detained for five days because his parole revocation hearing was not held before maximum expiration of his sentence; the availability of a post-deprivation remedy, such as an Article 78 or habeas proceeding under state law, was insufficient as to plaintiff's claims against the Parole Commissioner, who overrode the parole officer's decision,

because as a high-ranking official, the Parole Commissioner's acts did not qualify as random and unauthorized acts that could not have been anticipated). The Court therefore grants Plaintiff leave to amend his complaint.

First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.[6]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

[6] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-3925 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

11

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket.

Dated:   August 2, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

        (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                              (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                        Middle Initial          Last Name

_____

Street Address

_____

County, City                                State                      Zip Code

_____        _____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.